**UNITED STATES DISTRICT COURT
SOUTHERN CIRCUIT OF FLORIDA
MIAMI DIVISION**

CASE NO. 13-22773-CIV-GAYLES/TURNOFF

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DESPEGAR.COM USA, INC., *et al.*, <br><br> Defendants. <br><br> DESPEGAR.COM USA, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Counterclaim Defendant. | **AMERICAN AIRLINES, INC.
ANSWER TO COUNTERCLAIM** |

**INTRODUCTION**

Plaintiff and Counterclaim Defendant American Airlines, Inc. ("American") answers the Counterclaim by Defendant and Counterclaim Plaintiff Despegar.com USA, Inc. ("Despegar USA") in each of the numbered paragraphs below.  To the extent the headings of the Counterclaim are construed as allegations, American denies them.

1. American denies the allegations in Paragraph 1.

2. American denies the allegations in Paragraph 2.

3. American denies the allegations in Paragraph 3, but admits that OTAs allow travelers to access flight information and book flights online.

4. American lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies such allegations, although American admits that Despegar serves travelers flying between the United States and Latin American cities.

5. American denies the allegations in Paragraph 5.

6. American denies the allegations in Paragraph 6.

7. American denies the allegations in Paragraph 7, but admits that the quotations listed in Paragraph 7 are accurate representations of statements made by Ms. Goulet.

8. American denies the allegations in Paragraph 8, but admits that American competes with other airlines and encourages travelers to purchase fares on its website.

9. American denies the allegations in Paragraph 9, but admits that the quotations listed in Paragraph 9 are accurate representations of statements made by Cory Garner to the *Wall Street Journal*.

10. American denies the allegations in Paragraph 10.

11. American denies the allegations in Paragraph 11, but admits that it has contacted various OTAs regarding its Direct Connect product and technology, including Despegar.

12. American denies the allegations in Paragraph 12.

13. American denies the allegations in Paragraph 13.

14. American denies the allegations in Paragraph 14, but admits that GDSs aggregate flight information and that GDSs link to airlines' reservation systems.

15. American denies the allegations in Paragraph 15.

16. American denies the allegations in Paragraph 16, but admits that it lost revenue in the first quarter of 2011 and withdrew American flights from Orbitz in 2010.

17. American denies the allegations in Paragraph 17, but admits that it currently pays OTAs for distribution in the existing distribution structure.

18. American denies the allegations in Paragraph 18.

19. American denies the allegations in Paragraph 19.

20. Admitted.

21. Admitted.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent the allegations in Paragraph 22 are deemed to require American's response, American denies those allegations.

23. Paragraph 23 states legal conclusions to which no response is required, but American admits it transacts business and is found within this District, and does not contest venue in this action.

24. Paragraph 24 states legal conclusions to which no response is required, but American admits it transacts business and is found within this District, and does not contest personal jurisdiction in this action.

25. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies such allegations, although American admits that commercial airlines in the United States first emerged roughly one hundred years ago, that American was founded in 1930, and that American distributes tickets to travelers both directly and through travel agencies.

26. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies such allegations, although

American admits that before the Internet, American tickets were often sold directly to travelers over the telephone or at an American ticket counter.

27. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies such allegations, although American admits that travel agencies predate the Internet, and that before the Internet, travel agents would look up flights, call airlines, and write tickets manually.

28. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies such allegations, although American admits that its parent company AMR Corporation set up a computerized reservation system in the 1960s to better facilitate the distribution of flight information.

29. American denies the allegations in Paragraph 29, but admits its parent company AMR Corporation created a computerized reservation system which later became the Sabre GDS, and that Sabre had the ability to alter the rank of flight results displayed in the GDS.

30. American denies the allegations in Paragraph 30, but admits that the quotation listed in Paragraph 30 is an accurate representation of a statement made by Mr. Crandall.

31. American denies the allegations in Paragraph 31.

32. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies such allegations, although American admits that it operates an airline-specific website at AA.com, which provides information regarding routes, fares and availability, and allows travelers to purchase flights.

33. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies such allegations, although

American admits that its parent company, AMR Corporation, once owned Sabre, and that AMR Corporation divested its controlling stake in Sabre in 2000.

34.     American denies the allegations in Paragraph 34, but admits that OTAs allow travelers to access flight information and book flights online.

35.     American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies such allegations, although American admits that GDSs aggregate flight information and that American pays a booking fee to the GDSs for each American flight segment sold through the GDSs.

36.     American denies the allegations in Paragraph 36, but admits that it has, over time, entered agreements with GDSs to provide American flight and fare information to GDSs, and that some American flights are sold through OTAs.

37.     American denies the allegations in Paragraph 37, but admits that OTAs allow travelers to access flight information and book flights online.

38.     American denies the allegations in Paragraph 38.

39.     American denies the allegations in Paragraph 39, but admits that the quotations listed in Paragraph 39 are accurate representations of statements made by American and Ms. Goren.

40.     American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies such allegations, although American admits that Orbitz, Expedia, Priceline, and Travelocity are OTAs.

41.     American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies such allegations.

-5-

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 3200, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

42. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies such allegations.

43. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies such allegations, although American admits that there are 20 countries in Latin America with a total population in excess of 500 million.

44. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies such allegations.

45. American denies the allegations in Paragraph 45.

46. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies such allegations, although American admits that it operates flights to and from Dallas/Fort Worth International Airport, John F. Kennedy International Airport, Miami International Airport, Rio de Janeiro Internacional, and Sao Paulo Guarulhos International.

47. American denies the allegations in Paragraph 47.

48. American denies the allegations in Paragraph 48.

49. American denies the allegations in Paragraph 49, but admits that it did not turn a profit in 2010 and incurred losses in the first and second quarters of 2011.

50. American denies the allegations in Paragraph 50, but admits that AMR Corporation, its parent company, filed a petition in bankruptcy court in November 2011 and that AMR Corporation emerged from bankruptcy on December 9, 2013.

51. American denies the allegations in Paragraph 51, but admits that the quotations listed in Paragraph 51 are accurate representations of statements made by Ms. Goulet in various parts of her testimony.

52. American denies the allegations in Paragraph 52, but admits that the quotations listed in Paragraph 52 are accurate representations of statements made by Mr. Kasper in various parts of his testimony.

53. American denies the allegations in Paragraph 53, but admits that the quotations listed in Paragraph 53 are accurate representations of statements made by Mr. Kasper.

54. American denies the allegations in Paragraph 54.

55. American denies the allegations in Paragraph 55, but admits that the quotations listed in Paragraph 55 are accurate representations of statements made either by Cory Garner or by Doug Cameron of *The Wall Street Journal*, who claimed to be paraphrasing Cory Garner.

56. American denies the allegations in Paragraph 56, but admits that it has held sweepstakes that awarded frequent-flier miles as prizes.

57. American denies the allegations in Paragraph 57.

58. American denies the allegations in Paragraph 58, but admits that the second sentence of Paragraph 58 contains an accurate quotation from American's online AA Direct Connect Resource Site, that its Direct Connect can be used to send purchases directly through American's host reservation system rather than through a GDS, and that its Direct Connect can facilitate customized airfares for specific travelers and more robust merchandising.

59. American denies the allegations in Paragraph 59, but admits that it has contacted various OTAs regarding its Direct Connect product and technology.

-7-

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 3200, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

60. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies such allegations.

61. American denies the allegations in Paragraph 61, but admits that the quotations listed in Paragraph 61 are accurate representations of statements made by various travel associations.

62. American denies the allegations in Paragraph 62, but admits that it contacted various OTAs regarding its Direct Connect program and technology, including Orbitz and Expedia, and that some OTAs, like Expedia, Orbitz, and Priceline, have decided to employ the American Direct Connect while others, like Despegar, have not.

63. American denies the allegations in Paragraph 63, but admits that the quotations listed in Paragraph 63 are accurate representations of statements made by Mr. Davidson.

64. American denies the allegations in Paragraph 64, but admits that it contacted Despegar about its Direct Connect product and technology, and that Despegar chose not to employ the Direct Connect product.

65. American denies the allegations in Paragraph 65, but admits that the quotations listed in Paragraph 65 are accurate representations of statements made by American and *Travel Weekly*.

66. American denies the allegations in Paragraph 66, but admits that the quotation listed in Paragraph 66 is an accurate representation of part of a statement made by Mr. Arpey.

67. American denies the allegations in Paragraph 67.

68. American denies the allegations in Paragraph 68, but admits that in 2010 American withdrew its flights from Orbitz and that Orbitz is among the world's largest OTAs.

-8-

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 3200, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

69. American denies the allegations in Paragraph 69, but admits that the quotation listed in Paragraph 69 is accurate.

70. American denies the allegations in Paragraph 70, but admits that Expedia is among the largest OTAs and that Expedia has announced plans to access American's fares, schedules, and other travel products via the American Direct Connect by using GDS aggregation technology.

71. American denies the allegations in Paragraph 71, but admits that American withdrew its flights from Despegar and Despegar's subsidiaries (to the extent they were authorized American travel agencies) in 2013, and that the quotation listed in Paragraph 71 is accurate.

72. American denies the allegations in Paragraph 72, but admits that US Airways withdrew its fares from Despegar and Despegar's subsidiaries (to the extent they were authorized American travel agencies).

73. American denies the allegations in Paragraph 73, but admits that the quotation listed in Paragraph 73 is an accurate representation of a statement made by Mr. Kirby and that American withdrew its flights from Despegar and Despegar's subsidiaries (to the extent they were authorized American travel agencies).

74. American denies the allegations in Paragraph 74, but admits that American's standard terms and conditions with travel agencies prohibit redistribution of American content by any agency without American's consent.

75. American denies the allegations in Paragraph 75, but admits that American is a member of the One World Alliance and that it does not presently allow the sale of seats on American flights through Despegar.

76. American denies the allegations in Paragraph 76.

77. American denies the allegations in Paragraph 77, but admits that the quotations listed in Paragraph 77 accurately represent statements that were publicly made by Mr. Hafner and Mr. Wertheimer and that Kayak and Google enable consumers to search for flight information across multiple airlines.

78. American denies the allegations in Paragraph 78, but admits that GDSs demand full content.

79. American denies the allegations in Paragraph 79.

80. American denies the allegations in Paragraph 80, but admits that the quotations listed in Paragraph 80 are accurate representations of what was published in the referenced study.

81. American denies the allegations in Paragraph 81.

82. American denies the allegations in Paragraph 82.

83. American denies the allegations in Paragraph 83.

84. American denies the allegations in Paragraph 84.

85. American denies the allegations in Paragraph 85, but admits that approximately 2% fewer passengers flew American in the first quarter of 2011 compared to the prior four quarters.

86. American denies the allegations in Paragraph 86.

87. American denies the allegations in Paragraph 87.

88. American denies the allegations in Paragraph 88, but admits that American issued a press release titled "American Airlines Fares Removed From Despegar.com" on July 31, 2013, that the quotation in the second and third sentences of Paragraph 88 is accurate, that the press release can be found at the website address listed in Paragraph 88, and that third-parties re-printed the contents of the press release.

89. Admitted.

90. Admitted.

91. American denies the allegations in Paragraph 91, but admits that the American webpage is accessible to third-parties.

92. American denies the allegations in Paragraph 92.

93. American denies the allegations in Paragraph 93, but admits that it created a page on its website titled "American Airlines Fares No Longer Offered On Despegar.com."

94. American denies the allegations in Paragraph 94.

95. American denies the allegations in Paragraph 95.

96. American denies the allegations in Paragraph 96.

97. American denies the allegations in Paragraph 97, but admits that American and its affiliated airlines serve approximately 250 destinations across 50 countries, including interstate flights within the United States and flights between the United States and international destinations.

98. Paragraph 98 states legal conclusions to which no response is required. To the extent the allegations of Paragraph 98 are deemed to require American's response, American denies those allegations.

99.     Paragraph 99 states legal conclusions to which no response is required.  To the extent the allegations of Paragraph 99 are deemed to require American's response, American denies those allegations.

100.    American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies such allegations.

101.    American denies the allegations in Paragraph 101.

102.    Admitted.

103.    American denies the allegations in Paragraph 103.

104.    American denies the allegations in Paragraph 104, but admits that American has hubs at Dallas/Fort Worth International Airport, John F. Kennedy International Airport, and Miami International Airport.

105.    American denies the allegations in Paragraph 105, but admits to having flights that depart from Dallas/Fort Worth International Airport, John F. Kennedy International Airport, and Miami International Airport.

106.    American denies the allegations in Paragraph 106, but admits that it flies various routes between cities in the United States and Latin America.

107.    American lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 107 and on that basis denies such allegations, although American admits that the American Airlines AAdvantage program is one of the largest and most popular loyalty programs in the world, and that AAdvantage members can earn free tickets, complimentary seat upgrades, priority check-in service, and priority boarding, among other benefits.

108.    American denies the allegations in Paragraph 108, but admits that airlines need equipment, an FAA license, and gates.

109.    Paragraph 109 states legal conclusions to which no response is required.  To the extent the allegations of Paragraph 109 are deemed to require American's response, American denies those allegations.

110.    American denies the allegations in Paragraph 110.

111.    American denies the allegations in Paragraph 111, but admits that airlines need equipment, an FAA license, and gates.

112.    American incorporates by reference the responses contained in the previous paragraphs of this Answer as if fully rewritten herein.

113.    American denies the allegations in Paragraph 113.

114.    American denies the allegations in Paragraph 114.

115.    American denies the allegations in Paragraph 115.

116.    American denies the allegations in Paragraph 116.

117.    American denies the allegations in Paragraph 117.

118.    American denies the allegations in Paragraph 118.

119.    American incorporates by reference the responses contained in the previous paragraphs of this Answer as if fully rewritten herein.

120.    American denies the allegations in Paragraph 120.

121.    American denies the allegations in Paragraph 121.

122.    American denies the allegations in Paragraph 122.

123.    American denies the allegations in Paragraph 123.

-13-

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 3200, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

124. American denies the allegations in Paragraph 124.

125. American denies the allegations in Paragraph 125.

126. American denies the allegations in Paragraph 126.

127. American incorporates by reference the responses contained in the previous paragraphs of this Answer as if fully rewritten herein.

128. American denies the allegations in Paragraph 128, but admits that it issued a press release titled "American Airlines Fares Removed From Despegar.com," which was posted on the American website.

129. American denies the allegations in Paragraph 129, but admits that it created a page on its website titled "American Airlines Fares No Longer Offered On Despegar.com."

130. American denies the allegations in Paragraph 130.

131. American denies the allegations in Paragraph 131, but admits that both its webpage and press release address American removing flights from "Despegar.com."

132. American denies the allegations in Paragraph 132, but admits that it created a page on its website titled "American Airlines Fares No Longer Offered On Despegar.com" and issued a press release titled "American Airlines Fares Removed From Despegar.com."

133. American denies the allegations in Paragraph 133.

134. American denies the allegations in Paragraph 134, but admits that it created a page on its website titled "American Airlines Fares No Longer Offered On Despegar.com."

135. American denies the allegations in Paragraph 135.

136. American denies the allegations in Paragraph 136.

137. American denies the allegations in Paragraph 137.

-14-

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 3200, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

138. American denies the allegations in Paragraph 138.

139. American denies the allegations in Paragraph 139.

## AFFIRMATIVE DEFENSES

140. American alleges and asserts the following Affirmative Defenses in response to the allegations of the Counterclaim. By asserting such Affirmative Defenses, American does not agree or concede that any of the following defenses must be pled as Affirmative Defenses, and does not agree or concede that American bears the burden of proof or the burden of persuasion on any of these issues, in whole or in part.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

141. The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Laches)

142. The Counterclaim is barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

143. On information and belief, the Counterclaim is barred, or Despegar USA's claims for recovery are limited, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

144. The Counterclaim is barred, or Despegar USA's claims for recovery are limited, because of and to the extent of Despegar USA's failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE
(Foreign Trade)

145. The Counterclaim is barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act.

### SIXTH AFFIRMATIVE DEFENSE
(Privilege)

146. The Counterclaim is barred, in whole or in part, because American's statements are privileged.

### SEVENTH AFFIRMATIVE DEFENSE
(Truth)

147. The Counterclaim is barred, in whole or in part, because American's statements are true or substantially true.

### EIGHTH AFFIRMATIVE DEFENSE
(Defendant As Public Figure)

148. The Counterclaim is barred, in whole or in part, because Despegar USA is a public figure.

### NINTH AFFIRMATIVE DEFENSE
(Statements on Public Concern)

149. The Counterclaim is barred, in whole or in part, because American's statements were about matters of public concern.

### TENTH AFFIRMATIVE DEFENSE
(Statements of Opinion)

150. The Counterclaim is barred, in whole or in part, because American's statements are statements of opinion.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Justification)

151. The Counterclaim is barred, in whole or in part, because there were business justifications for American's alleged conduct.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

152. The Counterclaim is barred, in whole or in part, because Despegar USA's lacks standing.

## RESERVATION OF DEFENSES

153. American reserves the right to amend its Answer, or assert additional Affirmative Defenses as may be appropriate.

## CONCLUSION

WHEREFORE, American prays as follows:

154. That Despegar USA take nothing by way of the Counterclaim, and the action be dismissed with prejudice;

155. That judgment be entered in favor of American and against Despegar USA with respect to all causes of action in the Counterclaim;

156. That the Court award American its attorneys' fees and all other costs reasonably incurred in defense of this action; and

157. That the Court award American such other relief as it may deem just and proper.

(Signature intentionally on next page)

Respectfully submitted,

Dated: January 6, 2014						BY:	/s/ Humberto H. Ocariz
								Humberto H. Ocariz
								Florida Bar No.: 0740860
								hocariz@shb.com
								Michael A. Holt
								Florida Bar No.: 91156
								mholt@shb.com
								Eric S. Boos
								Florida Bar No.: 107673
								**SHOOK HARDY & BACON, LLP**
								201 Biscayne Boulevard, Suite 3200
								Miami, Florida 33131
								PH: (305) 358-5171 / FX: (305) 358-7470

								Charles P. Diamond, Esq. (admitted *pro hac vice*)
								cdiamond@omm.com
								Alicia Hancock, Esq. (admitted *pro hac vice*)
								ahancock@omm.com
								**O'Melveny & Myers LLP**
								1999 Avenue of the Stars
								Seventh Floor
								Los Angeles, California 90067
								Telephone: (310) 246-6700
								Facsimile: (310) 246-6779

								Andrew Frackman, Esq. (admitted *pro hac vice*)
								afrackman@omm.com
								David Lukmire, Esq. (admitted *pro hac vice*)
								dlukmire@omm.com
								**O'Melveny & Myers LLP**
								Times Square Tower
								7 Times Square
								New York, New York 10036
								Telephone: (212) 326-2000
								Facsimile: (212) 326-2061

								*Counsel for Plaintiff and Counterclaim Defendant*

CASE NO.: 13-22773-CIV-GAYLES

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of January, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and a true and correct copy of the foregoing was served on all counsel or parties of record on the Service List below by the method indicated.

/s/ Humberto H. Ocariz
Humberto H. Ocariz

## SERVICE LIST

Humberto H. Ocariz, Esq.
hocariz@shb.com
Michael A. Holt, Esq.
mholt@shb.com
Eric S. Boos, Esq.
eboos@shb.com
**Shook, Hardy & Bacon, LLP**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470
*Attorneys for Plaintiff American Airlines, Inc.*
(Service via CM/ECF)

Charles P. Diamond, Esq.
cdiamond@omm.com
Alicia Hancock, Esq.
ahancock@omm.com
**O'Melveny & Myers LLP**
1999 Avenue of the Stars
Seventh Floor
Los Angeles, California 90067
Telephone: (310) 246-6700
Facsimile: (310) 246-6779

and

Andrew Frackman, Esq.
afrackman@omm.com
David Lukmire, Esq.
dlukmire@omm.com
**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
*Pro Hac Vice Attorneys for Plaintiff American Airlines, Inc.*
(Service via CM/ECF)

Patrick E. Gonya, Jr., Esq.
pgonya@careyrodriguez.com
**Carey Rodriguez Greenberg O'Keefe, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
*Attorneys for Defendants*
(Service via CM/ECF)

Marc L. Greenwald, Esq.
marcgreenwald@quinnemanuel.com
Todd Anten, Esq.
toddanten@quinnemanuel.com
Steig D. Olson, Esq.
steigolson@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849 7000
Facsimile: (212) 849 7100
*Pro Hac Vice Attorneys for Defendants*