# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

AMERICAN AIRLINES, INC.,

                Plaintiff,

        v.

DESPEGAR.COM USA, INC., *et al.*,

                Defendants.

Case No.: 13-22773-CV-

GAYLES/TURNOFF

DESPEGAR.COM USA, INC.,

                Counter-Plaintiff,

        v.

AMERICAN AIRLINES, INC.,

                Counter-Defendant.

## CROSS-NOTICE OF HEARING

NOTICE IS HEREBY GIVEN that Defendants (collectively, "Despegar") respectfully request a hearing before Magistrate Judge William C. Turnoff at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, 11th Floor, Miami, Florida, 33128 on **Monday, February 22, 2016 at 10:00am**, or the date and time soonest thereafter that the Court is available, to address the issues below.

On February 9, 2016, AA noticed a hearing for Tuesday, February 16, 2016 to address certain discovery issues. However, as noted below, AA failed to meet and confer with Despegar on certain noticed issues, or to notify Despegar of AA's intention to raise those issues in its notice, for which lead counsel's presence at the hearing is necessary. Despegar therefore requests that the February 16 hearing be adjourned.

## OBJECTIONS TO AA'S NOTICE

1.     ***AA's Failure To Meet And Confer On Its New Rule 30(b)(6) Notice.*** When counsel for Despegar agreed to appear at a hearing before this Court on February 16, the parties had only met and conferred on certain limited discovery disputes. The day after contacting the

Court, at 7:02pm on February 9, and without warning, AA served a *new* Rule 30(b)(6) notice for deposition(s) of Despegar corporate representatives demanding testimony relating to all 11 Defendants' document preservation efforts, noticing deposition(s) on multiple topics to be held five business days later on February 17, 2016 in New York, New York. *Three minutes later*, at 7:05pm, AA moved this Court to compel expedited depositions on these matters.

Before filing its notice, the parties never met and conferred to discuss the topics, scope or timing of such deposition(s). Indeed, AA's last communication with Despegar on the subject stated that, instead of a phone call, the most "efficient" way to proceed would be for AA to send a letter to Despegar asking questions about Despegar's document preservation. Instead of sending that promised letter, AA filed its notice. That Despegar first learned of AA's proposed topics and date just three minutes before AA filed its notice alone justifies denying AA's motion. Despegar, for example, has not been given the opportunity to respond with objections to AA's facially overbroad topics, nor to meet and confer with AA to see if the parties can agree on topics and a date. AA's "file first, confer later" is abusive to this Court.

Further, AA was informed before it filed its notice that any discussions about any alleged deficiencies in Despegar's production required the presence of Despegar's lead counsel. Also in advance of filing its notice, AA was informed that Despegar's lead counsel would be unavailable February 16–19. While other attorneys could participate in a hearing on February 16 on the *other* subjects in AA's notice, AA's inclusion of this new issue requires Despegar to request that the hearing be adjourned to on or after February 22 so that lead counsel may attend.

Finally, AA's production of documents has substantial gaps for multiple AA custodians. However, instead of filing a 30(b)(6) notice and requesting a hearing (without conferring), Despegar has, and will continue, to communicate with AA to understand the full explanation for its deficiencies before seeking relief from the Court.

     **2.**     ***AA's Failure To Fully Meet And Confer On Its Earlier Rule 30(b)(6) Notices.***

AA moves the Court to "overrule" all of Despegar's objections to AA's overbroad 30(b)(6) notices of *six* Despegar Defendants, which collectively contain *188* individual topics (not including subparts). However, as of the date of AA's filing, the parties had met-and-conferred on just 19 topics. As of Despegar's filing of the instant notice, the parties still have not completed discussing all of AA's topics. Moreover, during the meet and confers, AA repeatedly

represented that it would either accept Despegar's objections (and withdraw that topic), or the parties mutually agreed that the topic would be narrowed. For AA to now ask the Court to overrule "all" of Despegar's objections contradicts AA's previous representations.

       **3.**    ***AA's Failure To Meet And Confer On Its New Deposition Dates.*** AA seeks to unilaterally impose self-selected dates for all depositions of both Despegar and AA witnesses that were not provided or confirmed by AA before February 10. The parties previously agreed that certain depositions would take place in March, but AA has, at the last minute, apparently changed its mind and refuses to discuss these matters to explore a reasonable agreement. Further, AA served its notices without confirming the availability of Despegar's witnesses, many of who require preparation (as 30(b)(6) witnesses) and work at offices in cities all over Latin America. This issue is not ripe for the Court's consideration.

**DESPEGAR'S CROSS-NOTICE**

       **1.**    ***AA's Refusal To Amend Its Deficient Interrogatory Responses.*** AA refuses to amend its deficient responses to Despegar's Interrogatory Nos. 2, 4, and 6.

- **Interrogatory No. 2.** Despegar asked AA to identify every complaint (written or verbal) AA received from consumers indicating they were deceived by Despegar's display of AA fare information. In its response, AA stated it never received any ***written*** complaints from consumers. During a meet-and-confer, AA's counsel represented that AA is not aware of any ***verbal*** complaints either. AA, however, refuses to amend its response to include that factual representation.

- AA also limited its response to Interrogatory No. 2 to complaints concerning "fare discrimination," but Despegar also asked for any complaints relating to AA's allegations of fee discrimination and shifting bookings. AA refuses to respond.

- **Interrogatory No. 4.** Despegar asked AA to state the facts supporting its contention that Despegar's alleged practice of "shifting bookings" to other travel agencies constitutes a false or misleading representation of fact, as AA has claimed. AA's response failed to identify any such misrepresentation. During a meet-and-confer, AA's counsel represented that its claim is based on Despegar's ***failure*** to disclose this alleged practice to consumers. Despegar asked AA to amend its response to set forth that factual basis. AA refuses to amend.

3

- **Interrogatory No. 6.** Despegar asked AA to identify, for each Defendant, the date that AA first became aware that each Defendant's website allowed consumers to book tickets on AA flights. AA refuses to investigate for and set forth that date. And although AA did not include a relevance objection in its response (and it is thus waived), that date is highly relevant to AA's equitable defenses, including AA's actual or constructive knowledge of Despegar's alleged practices.

2. ***Despegar's Rule 30(b)(6) Deposition Topics***. The parties have completed meeting and conferring on Despegar's thirteen Rule 30(b)(6) deposition topics. While AA agreed to withdraw many of its objections, it has not yet confirmed so in writing. The Court should overrule any objections upon which the parties continue to disagree.

3. ***AA's Refusal To Produce Documents Concerning The "Legal Review" Referenced In Its Defamatory Statements***. The Court's prior ruling on this issue was made without prejudice. Sept. 29, 2015 Hr'g Tr. 75:3-5. Upon review of AA's production and privilege log, AA has withheld relevant documents pertaining to Despegar's defamation claim. Despegar respectfully renews its request that the Court order AA to produce those materials.

AA's privilege log contains numerous references to documents concerning the "legal review" that AA referenced in its August 1, 2013 public statement:

> **Q:** What unfair and unclear practices by Despegar.com did American uncover?
>
> **A:** This matter is currently under ***legal review*** and American cannot comment on specifics at this time.

By representing that it conducted a "legal review," AA created an aura of legitimacy to bolster its claim that Despegar USA conducted its business in a manner that was illegal—a claim that is defamatory per se. Documents concerning whether a "legal review" was actually conducted by AA, as well as the results of such a review, go to the heart of Despegar USA's defamation claim.

Privilege is waived "where a party voluntarily injects either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications." *U.S. v. Lehtinen*, 2014 WL 1318661, at *1 (S.D. Fla. 2014). By representing that AA conducted a "legal review" to bolster the credibility of its defamatory statements, AA put that legal advice at issue, waiving privilege. *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 607 (E.D. Va. 2010) (by making factual statement in a press release,

4

plaintiff "waived the work product protection respecting the factual basis for the statement"); *Electro Sci. Indus., Inc., v. Gen. Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D. Cal. 1997) (similar).

Further, where a defendant relies on the results of an investigation to support a claim of good faith, he places the results of that investigation at issue. *Stern v. O'Quinn*, 253 F.R.D. 663, 677 (S.D. Fla. 2008) (party must produce documents about investigation because "Plaintiff has no means to combat or otherwise test the veracity of Defendants' defenses that O'Quinn acted in good faith"). AA should therefore produce all documents concerning the specific "legal review" referenced, and any drafts of its public statements.

**4.**     ***AA's Violation Of Fed. R. Civ. P. 30(a)(2)(A)(i).***  The Federal Rules allow AA to take only 10 depositions (including third-party witnesses).  AA has noticed 13 depositions to date (not including its new 30(b)(6) notice referenced above).  AA failed to seek leave to take additional depositions.  The Court should direct AA to immediately withdraw three notices.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

The undersigned counsel confirms that it has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Dated:  February 11, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART &
    SULLIVAN, LLP

By:     */s/ Marc L. Greenwald*
Marc L. Greenwald (admitted *pro hac vice*)
marcgreenwald@quinnemanuel.com
Steig D. Olson (admitted *pro hac vice*)
steigolson@quinnemanuel.com
Todd Anten (admitted *pro hac vice*)
toddanten@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10011
Tel: (212) 849-7000
Fax: (212) 849-7100

Gabriel F. Soledad
gabrielsoledad@quinnemanuel.com
Michael Bonanno

mikebonanno@quinnemanuel.com
777 6th Street, 11th Floor
Washington, DC 20001
Tel: (202) 538-8000
Fax: (202) 538-8100

**CAREY RODRIGUEZ MILIAN GONYA, LLP**
Patrick E. Gonya, Jr.
Florida Bar No. 0100020
pgonya@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: (305) 372-7474
Fax: (305) 372-7475

*Attorneys for Defendants / Counter-Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2016, I electronically filed the foregoing document with the clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List, either via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Patrick E. Gonya, Jr.*

## SERVICE LIST

Humberto H. Ocariz
hocariz@shb.com
Michael A. Holt
mholt@shb.com
Shook Hardy & Bacon, LLP
201 Biscayne Boulevard, Suite 3200
Miami, Florida 33131
Tel: (305) 358-5171
Fax: (305) 358-7470

Charles P. Diamond
cdiamond@omm.com
Andrew J. Frackman
afrackman@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Tel: (310) 246-6700
Fax: (310) 246-6779

Edward Moss
emoss@omm.com
David K. Lukmire
dlukmire@omm.com
Jeffrey A.N. Kopczynski
jkopczynski@omm.com
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for Plaintiff / Counter-Defendant*

Patrick E. Gonya
pgonya@careyrodriguez.com
Carey Rodriguez Milian Gonya, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: (305) 372-7474
Fax: (305) 372-7475

Marc L. Greenwald
marcgreenwald@quinnemanuel.com
Steig D. Olson
steigolson@quinnemanuel.com
Todd Anten
toddanten@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Gabriel F. Soledad
gabrielsoledad@quinnemanuel.com
Michael Bonanno
mikebonanno@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
777 6th Street, 11th Floor
Washington, DC 20001
Tel: (202) 538-8000
Fax: (202) 538-8100

*Attorneys for Defendants/Counter-Plaintiff*

7